```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

CHARLES MICHAEL
McCOLLUM,

                Plaintiff,

       v.                    CASE NO.  12-3026-SAC

DONALD WADDINGTON,
et al.,

                Defendants.

<u>O R D E R</u>

This pro se civil complaint was filed by an inmate of Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF) on forms for filing an action pursuant to 28 U.S.C. § 1331.

<u>**COMPLAINT NOT ON PROPER FORMS**</u>

Plaintiff names state employees as defendants.  A complaint under § 1331 is for suing employees of the United States such as federal prison guards, and not for suing employees of the State of Kansas.  This complaint has been submitted upon the wrong forms. Plaintiff will be sent the proper forms and given time to submit his complaint upon those forms.

<u>**FILING FEE NOT SATISFIED**</u>

The filing fee for filing any civil complaint is $350.00, and must be satisfied at the time the complaint is filed. Plaintiff has neither paid the fee nor submitted a motion to proceed without prepayment of fees (IFP) upon court-approved forms.  Forms for filing a IFP motion will be sent to plaintiff.  Mr. McCollum is

forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1]  Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  This action may not proceed until plaintiff satisfies the filing fee in one of these two ways.  He will be given time to do so, and is forewarned that if he fails to comply within the time allotted, this action may be dismissed without further notice.

**ALLEGATIONS AND CLAIMS**

As the factual background for his complaint, Mr. McCollum alleges as follows.  He is bi-sexual and has done illegal sexual acts in the past, but has not been involved sexually for over six months now because he was placed on Other Security Risk status for his behavior.  Defendant Warden Waddington and defendant Unit Team Manager Brown as well as Deputy Warden Ray Reno, who is not considered a defendant because he is not named in the caption, are

---

[1]  Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

saying that they are going to have him civilly committed to the sexual predator hospital in the Dillon Building. He will be at risk from staff and patients in the sexual predator unit. "They" are trying to civilly commit him "for sexual favors towards inmates" even though he does not "have a sex case" and has "not been charge for any sex crimes here."

As Count I, plaintiff claims he is being mistreated because he is bisexual, and is being called a fag by correctional officers and other inmates. He claims this is "discrimination of transgender."

As count II, plaintiff claims that his rights under the Fourteenth Amendment are being violated by his being called names. As supporting facts, he alleges that he is suing due to attempts to have him civilly committed without proper evidence of sexual activities.

As count III, plaintiff claims racial discrimination. As factual support, he alleges mental anguish and "stressful events of doing" sexual acts.

Plaintiff seeks "freedom from false imprisonment" and money damages for mental anguish.

**SCREENING**

Because Mr. McCollum is a prisoner suing state officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

3

**ALLEGATIONS SUGGEST FAILURE TO EXHAUST**

Although plaintiff has marked "yes" in response to the question regarding exhaustion of administrative remedies on his current form complaint, his description of his efforts indicates that he has submitted a form-9 grievance only.  He attaches a form-9 grievance to his complaint, in which he stated that he felt "they are trying to send" him to the Dillon building when he doesn't have a sex crime and that this is discrimination.  The response to this grievance, dated January 3, 2012, provided:

> As we've discussed before, you will be required to go through a screening/interview process prior to your release.  The courts will determine if you are a candidate for placement at the State Hospital.

Mr. McCollum does not provide any information indicating that he has sought relief by filing any higher level appeal.  It thus appears from plaintiff's own allegations that he has not fully exhausted prison administrative remedies on his claims.

Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court."  Id.  Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.  This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it."  Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010).  The "inmate may only exhaust by properly

4

following all the steps laid out in the prison system's grievance procedures." Little, 607 F.3d at 1249 (citing Woodford v. Ngo, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." Id. (citing Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)). While failure to exhaust generally is an affirmative defense and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

The Kansas Department of Corrections makes a four-step grievance procedure available to its inmates, which must begin with an attempt at informal resolution, and thereafter proceed through three "levels of problem solving." KS ADC 44-15-101, -102. The second level is a grievance submitted to a Unit Team member. KS ADC 44-15-101(d). Next, the inmate may appeal to the Warden, and ultimately to the Secretary of Corrections. Id.

Accordingly, the court finds that plaintiff's civil complaint is subject to being dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1), based upon his failure to exhaust available administrative remedies prior to filing this action. Plaintiff is given time to show cause why this action should not be dismissed due to his failure to

5

exhaust.  If he does not show good cause within the time allotted, this action may be dismissed without further notice.

**FAILURE TO STATE A FEDERAL CONSTITUTIONAL VIOLATION**

The only defendants named in the caption of the complaint and for whom the requisite information is provided, such as location and employment, are Waddington and Brown.  Rule 10 of the Federal Rules of Civil Procedure requires that all parties be named in the caption of the complaint.  Accordingly, the two officials named in the caption are the only persons considered as defendants in this case at this time.

The only actions of the two named defendants that are described in the complaint are that they have talked about Mr. McCollum being sent to the Sexual Predator (SP) unit.  Even accepted as true, that defendants have talked about the possibility of plaintiff eventually being sent to the SP unit, no federal constitutional claim is stated by these allegations.  Plaintiff does not allege that either defendant is currently involved in the process of actually having him declared a sexual predator so that he might be sent to the Sexually Violent Predator Treatment Program.  Instead, as was briefly explained to him during the grievance process, such civil commitment proceedings may be initiated near or at the time of his release and will take place in a state court. Plaintiff alleges no facts showing that either defendant Waddington or defendant Brown have the authority to either initiate such proceedings or to issue an order that he be committed to the SP Program.  These defendants merely discussing this possibility is not shown to have resulted in the violation of any federal constitutional right.

6

Moreover, it does not appear from plaintiff's allegations that he can presently claim that either defendant has had him placed in the SP unit without sufficient evidence of sexual behavior. If plaintiff is actually subjected to civil commitment proceedings in the future, he will have a forum for presenting his claims that there is insufficient evidence of sexual activity.

Plaintiff's allegation that he will be in danger if committed to the SP unit is not supported by any facts showing that he has been subjected to actual danger. This claim is premature since it does not appear that he has been committed to that program.

Similarly, plaintiff's allegations that he is being called a name by correctional officers and other inmates fails to state viable claim. While the court does not condone the calling of derogatory names, which is unprofessional conduct by correctional officers, such verbal abuse simply has not been held to rise to the level of a constitutional violation. In addition, plaintiff does not allege that the name-calling was done by the named defendants.

Plaintiff's claim for money damages due to mental anguish is subject to being dismissed for the reason that he alleges no facts showing that he has suffered any physical injury. An inmate may not bring a federal cause of action for mental or emotional injury absent a prior showing of physical injury. 42 U.S.C. § 1997e(e). This statute specifically provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff's only other request for relief is for "freedom from

7

false imprisonment." No facts are alleged indicating that plaintiff's current confinement is illegal. In any event, any claim that he is being unlawfully detained may only be brought in a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Claims for release from confinement may not be litigated in a civil rights complaint. Furthermore, a statutory prerequisite to bringing claims of illegal detention in a federal habeas action is the exhaustion of all remedies available in the state courts. Plaintiff does not show that he has exhausted any state court remedies.

Plaintiff is given time to submit his complaint upon the correct forms. In his correct complaint, he has the opportunity to cure the other deficiencies discussed in this order. If he fails to comply within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to satisfy the filing fee in this case by either paying the fee in full or submitting a properly supported motion to proceed without prepayment of fees upon forms provided by the court.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to submit his claims upon the proper forms[2] and to cure the deficiencies discussed herein in his § 1983 form complaint.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be

---

[2] Plaintiff must write the number of this case on the first page of his new complaint, and must carefully read and follow the form instructions and answer all relevant questions on the forms to the best of his ability. He must also personally sign the complaint.

8

dismissed for failure to fully exhaust administrative remedies prior to filing this lawsuit.

The clerk is directed to send plaintiff § 1983 forms and IFP motion forms.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
